## IN THE MATTER OF TIMOTEO GONZALEZ.

### HABEAS CORPUS.

United States Court—Local Courts.

> 1. A local court cannot prevent a plaintiff from collecting a judgment rendered in this court, and if the plaintiff is imprisoned by order of the local court in such a matter he will be released by the Federal court.

Opinion filed January 6, 1919.

*Mr. H. R. Francis* for petitioner.

HAMILTON, Judge, delivered the following opinion:

This morning a petition for habeas corpus was filed by Timoteo Gonzalez, alleging that he was in the custody of the

Re Gonzalez.

marshal of the district court of San Juan, section 1, under an order of that court of January 2, adjudging him to pay a fine of $1 or suffer one day's imprisonment. A return is made by the marshal producing the prisoner, and upon examination it is satisfactorily shown that the prisoner is in the custody as alleged. The marshal relies upon the process from the local court.

It seems that the proceeding grows out of one in the local court brought by the Linea Ferrea del Oeste against Gonzalez, in which he was enjoined from proceeding to collect a judgment previously recovered in this court, and an embargo was sought of that judgment in this court. No process of any kind has been served upon officials of this court, and all that was done was directed to the plaintiff in this court himself.

On the facts as presented it would seem that the local court is seeking to prevent the plaintiff in this court from collecting his judgment herein, and the way in which it comes up is that an execution was issued in this court on November 14, 1918, and is still pending in the marshal's hands, unsatisfied. The proceeding had against the plaintiff in this court seems directed towards making that plaintiff recall the execution or otherwise stop the marshal from carrying out the orders of this court. This court does not doubt that all that has been done by the local court was done in good faith, but as the facts are presented a case appears which cannot be tolerated if this court is to exercise its duties. It is true that no process has been served upon any official of this court, but something as efficacious has been done, that is to say, a plaintiff is put in jail for contempt because he does not stop the officials of this court in the performance of their duties. It would seem upon the show-

Re Gonzalez.

ing so far made that the detention of the plaintiff under these circumstances is illegal. It was settled as far back as M'Culloch v. Maryland in 4 Wheat. 316, 4 L. ed. 579, that no agency of the United States could be interfered with by local authorities, and that cannot be done indirectly which cannot be done directly.

This court is always reluctant to have any apparent conflict of authority or jurisdiction with other tribunals, and so will make the following order: The local marshal says that he has not had time to confer with the Attorney General, and the attorney for the plaintiff in the local court does not appear, and so it would seem better not to enter actual judgment at this time. The court will set the final determination of this matter for Wednesday morning next at 10 o'clock, and meantime the marshal of this court will take charge of the prisoner, but release him on his own recognizance until that time. Should the court restore the prisoner to the local authority, this intervening time will not count one way or the other and so no harm will be done. On the other hand, the prisoner will not suffer any inconvenience because he will actually be at large.

It is so ordered.